UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONAL DISTRIBUTION SERVICE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 4:05CV899 JCH |
| ) | |
| YELLOW TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Yellow Transportation, Inc.'s Motion to Dismiss Count II, for fraud, of Plaintiff's Petition. Defendant asserts that the Carmack Amendment, 49 U.S.C. § 14706, preempts state law claims for fraud. Defendant filed the Motion to Dismiss on June 29, 2005 (Doc. No. 8). Despite two extensions of time to file a response (Doc. Text Orders, July 27, 2005 and July 28, 2005), Plaintiff has not filed a reply. The matter is thus ready for disposition. Because of the reasons stated below, this Court dismisses Count II of Plaintiff's Petition.

**BACKGROUND**

This case arises out of a contract to ship four pieces of telecommunications equipment from Illinois to Georgia. Plaintiff National Distribution, Inc. alleges that the shipping company, Defendant Yellow Transportation, Inc. failed to properly secure the equipment in the truck, and that the

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

equipment was irreparably damaged. (Petition, Doc. No. 1, attached exh. 1, ¶ 6). Plaintiff also alleges that Defendant failed to obtain insurance on the equipment as provided for in the contract. (Petition, Doc. No. 1, attached exh. 1, ¶ 5, 9).

Plaintiff filed its Petition in this matter on May 11, 2005 in the Circuit Court for St. Louis County. (Doc. No. 1) In its Petition, Plaintiff brings claims for I) breach of contract and II) fraud. Defendant removed the case to this Court on June 2, 2005. (Notice of Removal Petition, Doc. No. 1). As the basis for removal, Defendant asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1337 and 49 U.S.C. § 14501 et seq. (Id. ¶ 7).

As stated above, Defendant filed the instant Motion to Dismiss Count II pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Plaintiff's claim for fraud is preempted by the Carmack Amendment.

## **DISCUSSION**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Defendant asserts that Plaintiff's claim for fraud is preempted by the Carmack Amendment, 49 U.S.C. § 14706. (Motion to Dismiss Count II, Doc. No. 8). The Carmack Amendment provides for the liability of carriers under receipts and bills of lading:

> (a) General liability.-- (1) Motor carriers and freight forwarders.--A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702. Failure to issue a receipt or bill of lading does not affect the liability of a carrier. A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination.

49. U.S.C. § 14706.[1]

Courts have long held that the Carmack Amendment preempts state law claims for carrier liability. See Adams Express Co. v. Croninger, 226 U.S. 491, 504 (1916) ("That the [Carmack Amendment] supersedes all the regulations and policies of a particular state upon the same subject results from its general character."); Moffit v. Bekins Van Lines Co., 6 F.3d 305, 307 (5th Cir. 1993) (preempted claim of fraud); Fulton v. Chicago, Rock Island & P. R. Co., 481 F.2d 326, 331 (8th Cir. 1973) ("The cases make it clear that when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs.") (quoting American

---

[1] The Carmack Amendment was amended by Pub. L. No. 109-59, 119 Stat. 1144 (Aug. 10, 2005), but this change does not affect the disposition of this motion.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Synthetic Rubber Corp. v. Louisville & N. R. R. Co., 422 F.2d 462, 466 (6th Cir. 1970)); Woods v. Unigroup, Inc., 945 F.Supp 1255, 1256 (E.D.Mo. 1996) (preempted claim of negligence).

Therefore, because the Carmack Amendment preempts the Plaintiff's state law cause of action for fraud, Count II must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Yellow Transportation, Inc.'s Motion to Dismiss Count II (Doc. No. 8) is **GRANTED**.

Dated this 28th day of September, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com